IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERNANDO NUNEZ, JR., | : | Civil No. 1:23-CV-01171 |
| Plaintiff, | : | |
| v. | : | |
| DR. LAUREL R. HARRY, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

### **MEMORANDUM**

Before the court are Plaintiff's petition for interlocutory review and motion for reconsideration of the court's September 5, 2025 order denying his motion for reconsideration. (Docs. 63, 64.) For the following reasons, the court will deny Plaintiff's petition and motion.

### **PROCEDURAL HISTORY AND BACKGROUND**

Plaintiff initiated this action by filing a complaint and a motion to proceed *in forma pauperis* in July of 2023. (Docs. 1, 3.) On August 16, 2023, the court granted Plaintiff *in forma pauperis* status and ordered the complaint to be served on the named defendants. (Doc. 12.) Defendants filed a motion to dismiss on November 30, 2023. (Doc. 19.) On February 20, 2024, Plaintiff filed an amended complaint, and the court promptly struck it from the record due to it being filed without leave of the court. (Docs. 28, 29.) On March 4, 2024, Plaintiff filed a motion to amend the complaint accompanied by a proposed amended pleading.

1

(Doc. 30.) The court granted the motion, filed the proposed amended complaint, and denied the pending motion to dismiss as moot. (Docs. 32, 33.)

On June 20, 2024, Defendants filed a motion to dismiss the amended complaint and a brief in support. (Docs. 35, 36.) On December 26, 2024, the court received and docketed Plaintiff's brief in opposition. (Doc. 49.) On March 25, 2025, the court entered a memorandum and order granting the motion to dismiss in part. (Docs. 52, 53.) Specifically, the court dismissed all claims against Defendant Harry except those raised in count six, all claims against Defendant Mason, all claims associated with counts five, eight, nine, and ten without prejudice and dismissed all claims associated with counts two, seven, and eleven with prejudice. (Doc. 53.) The surviving claims include the Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims against Defendant Wenerowicz in counts one, three, and four, and the RLUIPA claims raised against Defendants Harry and Klemm in count six. (*Id*.)

On April 10, 2025, the court received and docketed Plaintiff's motion for reconsideration of the court's March 24, 2025 memorandum and order challenging the dismissal of counts two, seven, and eleven with prejudice. (Doc. 54.) However, Plaintiff did not timely file a brief in support his motion. On April 29, 2025, the court entered an order deeming Plaintiff's unsupported motion for reconsideration as withdrawn. (Doc. 56.)

2

On August 18, 2025, the court received and docketed Plaintiff's second motion for reconsideration of the court's March 24, 2025 memorandum and order with a brief in support attached. (Doc. 58.) On September 5, 2025, following briefing, the court denied Plaintiff's motion for reconsideration. (Docs. 60, 61.)

On September 30, 2025, the court received Plaintiff's petition for an interlocutory review of the September 5, 2025 order and a motion for reconsideration of the September 5, 2025 order with a brief in support. (Docs. 63, 64, 65.)

## DISCUSSION

**A. Plaintiff's Petition for an Interlocutory Appeal Will Be Denied.**

By memorandum and order dated September 5, 2025, the court denied Plaintiff's motion for reconsideration of the March 24, 2025 order dismissing Plaintiff's claims associated with claims two, seven, and eleven with prejudice. (Doc. 53.) These claims were RLUIPA claims concerning the denial of Plaintiff's request for tweezers, the denial of his request for a halal diet, and the denial of his request for a tablet with wireless phone capabilities in his cell. (Doc. 60.) The court's September 5, 2025 order denied Plaintiff's motion for reconsideration deeming the motion for reconsideration a mere attempt to relitigate issues already decided by the court. (Doc. 60.) Specifically, the court found that Plaintiff was attempting to take a "second bite at the apple." (*Id.*)

3

In his petition for interlocutory appeal, Plaintiff argues that this court's order was inconsistent with caselaw and is seeking interlocutory review of pursuant to 28 U.S.C. § 1292(b). (Doc. 63). The statute provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

The court finds that its prior decision to deny Petitioner's motion for reconsideration is not a controlling question of law as to which there are substantial grounds for a difference of opinion. The law is well settled that the following limitations apply to Rule 54(b) motions for reconsideration:

> Before entertaining a motion for reconsideration of an interlocutory order, the movant must still establish good cause for why the court should revisit its prior decision. Moreover, whether involving a final or interlocutory order, a motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant. A reconsideration motion should not be used to try to get a second bite at the apple or to raise new arguments or evidence that could have been proffered prior to the issuance of the order in question.

*Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295–96 (M.D. Pa. 2016) (citations and internal quotation marks omitted).

As discussed in this court's September 5, 2025 memorandum, Plaintiff re-raised issues already decided by the court, and in doing so, he cited caselaw he already relied upon in his failed arguments. (Doc. 60.) As a result, Plaintiff's motion for reconsideration was denied. (Doc. 61.) Moreover, whether these claims remain in this case will not "materially advance the ultimate termination of the litigation" because there are other remaining claims that must be addressed following discovery. 28 U.S.C. § 1292(b). Thus, Plaintiff's petition for an interlocutory appeal of the order denying Plaintiff's motion for reconsideration will be denied.

### B. Plaintiff's Motion for Reconsideration Will Be Denied.

Because Plaintiff's motion seeks reconsideration of an interlocutory order partially dismissing the amended complaint, it has been brought pursuant to Fed. R. Civ. P. 54(b). *See Qazizadeh*, 214 F. Supp. 3d at 295 ("[M]otions for reconsideration of interlocutory orders—whether denials of summary judgment, grants of partial summary judgment, or any other non-final orders—are motions under Federal Rule of Civil Procedure 54(b)."). Under Rule 54(b), an order that does not dispose of every claim in an action "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and

liabilities." Fed. R. Civ. P. 54(b); see *Qazizadeh*, 214 F. Supp. 3d at 295. Reconsideration of interlocutory orders "may be had even if a movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issues the underlying order, or 'the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Qazizadeh*, 214 F. Supp. 3d at 295 (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "Instead, the court may permit reconsideration whenever 'consonant with justice to do so.'" *Id.* (quoting *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 412 F. Supp. 2d 630, 632 (M.D. Pa. 2007)). As set forth at length above, limitations still apply to such motions. *Qazizadeh*, 214 F. Supp. 3d at 295–96 ("a motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.").

Plaintiff disagrees with the court's denial of his previous motion for reconsideration and raises again the identical arguments that he raised in the previous motion for reconsideration. (Doc. 65.) Therefore, this motion is a quintessential example of an attempt to reargue matters already argued and disposed of by the court. Thus, the court will deny the motion for reconsideration.

## CONCLUSION

For the above-stated reasons, the court will deny Plaintiff's petition for an interlocutory appeal of the court's September 5, 2025 order denying his motion for reconsideration and will deny Plaintiff's motion for reconsideration of the court's September 5, 2025 order denying his motion for reconsideration.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: October 3, 2025