**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FERNANDO NUNEZ, JR., | : | Civil No. 1:23-CV-01171 |
| Plaintiff, | : | |
| v. | : | |
| DR. LAUREL R. HARRY, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court are Plaintiff's motions to compel. (Docs. 76, 83.) For the following reasons, the court will deny the pending motions, grant Defendants additional time to respond to the outstanding interrogatories, and set a deadline for the dispositive motions in this case.

## PROCEDURAL HISTORY AND BACKGROUND

Plaintiff initiated this action by filing a complaint and a motion to proceed *in forma pauperis* in July of 2023. (Docs. 1, 3.) On August 16, 2023, the court granted Plaintiff *in forma pauperis* status and ordered the complaint to be served on the named defendants. (Doc. 12.) Defendants filed a motion to dismiss on November 30, 2023. (Doc. 19.) On February 20, 2024, Plaintiff filed an amended complaint, and the court promptly struck it from the record due to it being filed without leave of the court. (Docs. 28, 29.) On March 4, 2024, Plaintiff filed a motion to amend the complaint accompanied by a proposed amended pleading.

(Doc. 30.) The court granted the motion, filed the proposed amended complaint, and denied the pending motion to dismiss as moot. (Docs. 32, 33.)

On June 20, 2024, Defendants filed a motion to dismiss the amended complaint and a brief in support. (Docs. 35, 36.) On December 26, 2024, the court received and docketed Plaintiff's brief in opposition. (Doc. 49.) On March 25, 2025, the court entered a memorandum and order granting the motion to dismiss in part. (Docs. 52, 53.) Specifically, the court dismissed all claims against Defendant Harry except those raised in count six, all claims against Defendant Mason, all claims associated with counts five, eight, nine, and ten without prejudice and dismissed all claims associated with counts two, seven, and eleven with prejudice. (Doc. 53.) The surviving claims include the Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims against Defendant Wenerowicz in counts one, three, and four, and the RLUIPA claims raised against Defendants Harry and Klemm in count six. (*Id.*) Count one concerns the use of non-alcoholic scented oils, count three concerns the use of a privacy screen, count four concerns the strip search policy for inmates prior to and following every non-contact visit, and count six concerns recent changes in DOC policy in the practice of Eid feasts. (Doc. 33.)

A case management order was entered in the case, and the parties have been engaged in discovery. (Doc. 57.) On February 24, 2026, Plaintiff filed a motion to

compel. (Doc. 76.) Plaintiff filed a brief in support on March 10, 2026. (Doc. 77.) Defendants filed a brief in opposition to the motion to compel. (Doc. 80.)

Plaintiff filed a second motion to compel on May 28, 2026. (Doc. 83.) A brief in support was filed on June 12, 2026. (Doc. 84.) Defendants filed a brief in opposition on June 22, 2026. (Doc. 85.) On July 16, 2026, Plaintiff filed a motion seeking leave to file a reply brief and with a proposed reply. (Docs. 86, 86-3.)

The court will grant Plaintiff's motion to file a reply brief and will direct the Clerk of Court to enter Doc. 86-3 as a separate filing on CM/ECF. The court will deny the pending motions to compel and set a deadline for dispositive motions.

## STANDARD

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(1); *see also Democratic Nat'l Comm. v. Republican Nat'l Comm.*, No. 18-1215, 2019 WL 117555, at *2 (3d Cir. Jan. 7, 2019) ("The court may limit discovery to ensure its scope is proportional to the needs of a case."). As such, "all relevant material is discoverable unless an applicable evidentiary privilege is asserted." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and []

the fact is of consequence in determining the action." Fed. R. Evid. 401. It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court. *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817–18 (3d Cir. 1982); *see* Fed. R. Civ. P. 26(b)(2)(C).

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. Fed. R. Civ. P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense; the burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

## DISCUSSION

### A. Plaintiff's First Motion to Compel Will Be Denied.

Plaintiff requests that the court order Defendants Harry and Wenerowicz to produce the documents and electronically stored information requested in his December 11, 2025 request for production of documents and asks the court to deem the request for admissions addressed to Defendants Klemm and Wenerowicz admitted due to their late responses. (Doc. 76.)

### 1. Production of Documents and Electronically Stored Information.

Defendants objected to the production requested in paragraphs 6, 7, 8, 9, 10, 11, 12, 13, and 15 of his December 11, 2025 request for production of documents, and Plaintiff now seeks an order compelling the production of the requested documents. (Docs. 76, 76-3.) The court will deny Plaintiff's motion because the requested documents are immaterial to the pending claims.

Paragraphs 6, 7, 8, 11, and 12 all concern evidence of DOC employees smuggling illegal contraband into DOC facilities. (Doc. 80-2.) Paragraphs 10 and 13 concern evidence of inmate visitors smuggling illegal contraband into DOC facilities. (*Id.*) Paragraph 9 requests still images of the visiting room strip area at SCI-Houtzdale. (*Id.*) Paragraph 15 requests the production of DOC policy. (*Id.*)

#### i. Illegal Contraband

Defendants' counsel objected to the evidence sought in paragraphs 6, 7, 8, 11, and 12 concerning the smuggling of illegal contraband into DOC facilities by staff, stating that these requests are not reasonably calculated to lead to admissible evidence and that possession of illegal contraband by employees of the DOC or visitors is not relevant to the claims that remain at issue in the case. (Doc. 80-2.) Additionally, Defendants' counsel states that anything before 2021 is irrelevant. (*Id.*) Similarly, Defendants' counsel objected to the evidence sought in paragraphs 10 and 13 concerning the smuggling of illegal contraband into DOC facilities by

visitors as not reasonably calculated to lead to admissible evidence, that possession of contraband by visitors to the DOC is not relevant to the remaining claims, and nothing before 2021 is relevant to the current litigation. (*Id.*)

Plaintiff alleges that the requested information is relevant because Defendants have argued that his RLUIPA claim associated with the required strip searches before and after all non-contact visits should be dismissed based on a common-sense concern for facility safety. (Doc. 77.) In doing so, Plaintiff argues that the DOC's strip search policy is substantially underinclusive because they do not require DOC employees or inmate visitors to be strip searched prior to entering or leaving a state correctional facility to prevent the introduction of illegal contraband, yet they require routine strip searches of inmates, such as Plaintiff. (*Id.*)

Defendants argue that the introduction of contraband by staff or visitors is not related to the remaining claims, which includes the use of scented oils, the use of a privacy screen, the appropriateness of strip searches, and the policies surrounding religious meals. (Doc. 80.) Defendants argue that employees and visitors have not been convicted and sentenced to state prison and have a higher expectation of privacy with regard to their body, that inmates and non-inmates are not comparable with one another, and that non-inmates smuggling contraband into DOC facilities has nothing to do with Defendants' arguments regarding a

compelling government interest under RLUIPA. (Doc. 80.) While the court concludes that the requests for production of documents concerning the smuggling of contraband is not related to the remaining RLUIPA claim, both parties miss the mark in their briefing.

The remaining RLUIPA claim against Defendant Wenerowicz associated with strip searches is premised on the DOC policy (DC-ADM 203) which requires inmates in general population to be stripped naked and searched for contraband before and after every in-person contact visit and an in-house policy at SCI-Mahanoy that requires all inmates in general population to be stripped naked and searched for contraband before and after every visit including virtual/video visits. (Doc. 33, p. 16.)[1] Plaintiff alleges that these policies burden his religious practice because he is compelled to expose himself to other men and women. (*Id.*, p. 17.) Plaintiff alleges that the body scanners at SCI-Mahanoy can detect contraband, and Defendant Wenerowicz' decision denying him a religious accommodation to avoid the strip searches did not consider an alternative less restrictive means of achieving the compelling government interest in security after the arrival of the full body scanners at SCI-Mahanoy. (*Id.*, pp. 17–19.)

RLUIPA provides, in pertinent part, that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

an institution" unless the government demonstrates that the burden furthers "a compelling governmental interest" and "is the least restrictive means" of doing so. 42 U.S.C. § 2000cc-1(a). Under RLUIPA, the prisoner bears the initial burden of showing that the prison's policy or practice substantially burdened the practice of his sincerely held religious beliefs. *Holt v. Hobbs*, 574 U.S. 352, 360 (2015)–61. "For the purposes of RLUIPA, a substantial burden exists where: 1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; OR 2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs." *Washington v. Klem*, 497 F.3d 272, 280 (3d Cir. 2007) (footnote omitted). If the prisoner establishes a prima facie case, the burden shifts to the defendant to show that the policy or practice was the least restrictive means of furthering a compelling governmental interest. *Holt*, 574 U.S. at 362; 42 U.S.C. § 2000cc-2 ("If a plaintiff produces prima facie evidence to support a claim alleging a violation of the Free Exercise Clause or a violation of section 2000cc of this title, the government shall bear the burden of persuasion on any element of the claim, except that the plaintiff shall bear the burden of persuasion on whether the law (including a regulation) or government practice that is challenged by the claim substantially burdens the plaintiff's exercise of religion.").

Plaintiff's complaint concedes the issue of a compelling government interest in security: "Defendants . . . have not considered an alternative less restrictive then their strip-search policies after full body scanners were installed in every SCI, although they know body scanners work more efficiently and are less intrusive than a strip search. Thereby, serving the same asserting compelling interest in security." (Doc. 33, p. 18.) Instead, Plaintiff is asserting that Defendant Wenerowicz's denial of his accommodation request did not meet the least restrictive means prong. Therefore, the existence of a compelling government interest in facility security is not an issue before the court and discovery is not required to develop evidence in furtherance of this issue. Thus, introduction of contraband into SCI facilities by non-inmates is not related to the issues before the court.

Furthermore, the court notes that Plaintiff's complaint asserts that strip searches are not the least restrictive means available to preserve facilities security. However, in furtherance of his motion to compel, Plaintiff now argues that everyone, including staff and visitors, should be strip searched as he asserts that the prison policy at issue is underinclusive. (Doc. 77, p. 8.) Plaintiff's underinclusive argument addresses the compelling government interest prong of his RLUIPA claim. *Williams-Yulee v. Fla. Bar*, 575 U.S. 433, 448 (2015) ("underinclusiveness can raise 'doubts about whether the government is in fact pursuing the interest it

invokes, rather than disfavoring a particular speaker or viewpoint.'"). Plaintiff has conceded the issue of a compelling government interest in his complaint, which solely focuses on the least restrictive means prong. Plaintiff cannot amend his complaint through briefing to widen the breath of his discovery. As such, Plaintiff's motion to compel will be denied.

**ii. Images of Strip Room**

Next, Plaintiff seeks production of images of the strip room at SCI-Houtzdale. (Doc. 80-2.) Defendants objected to the production of images stating "[r]eleasing photos of the visiting room strip search area or body scanner to Plaintiff would pose a security threat to the Department." (*Id.*, p. 6.)

Again, the court will deny Plaintiff's request, but not for the reasons Defendants put forth. The court is unable to order production of the images from inside SCI-Houtzdale when the complaint clearly concerns the strip searches required at SCI-Mahanoy and the availability of full body scanners at SCI-Mahanoy and not SCI-Houtzdale: "At SCI-Mahanoy Nunez is subjected to multiple strip searches before and after revery in person physical contact visits and non-contact visit while in general population. All of which substantially burdens his religious practice. . ." (Doc. 33, p. 18.) The scope of discovery requires the matter be relevant to a party's claim or defenses. Fed. R. Civ. P. 26(1). The strip

room at SCI-Houtzdale is not relevant to Plaintiff's claims. Therefore, Plaintiff's motion to compel these images will be denied.

**iii. DOC Policy**

Plaintiff seeks production of DOC Policy that requires all correctional employees or staff to successfully pass a full body scanner when they enter or leave an SCI. (Doc. 80-2, p. 8.) Defendants objected to the production of this policy: "[t]his information is found in Department policy 6.3.1 pertaining to security measures. That policy is not permitted to be released to inmates for security reasons." (*Id.*)

In his motion to compel, Plaintiff relies upon the underinclusive argument to establish the relevancy of this request. (Doc. 77, p. 7.) Again, whether or not a policy is underinclusive speaks to whether or not a compelling government interest is involved. *Williams-Yulee*, 575 U.S. at 448–49. The existence of a compelling government interest is not at issue in this case. Therefore, the court will not order the production of the DOC policy premised on the rationale provided in Plaintiff's briefing.

**2. Requests for Admissions**

Next, Plaintiff alleges that he mailed his request for admissions to Defendants Klemm and Wenerowicz on December 11, 2025. (Doc. 77, p. 6.) In his brief in support, Plaintiff states that he has yet to be served the admission

responses and requests that the outstanding admissions be deemed admitted under Fed. R. Civ. P. 36(a)(3). (*Id.*)

Federal Rules of Civil Procedure states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

Defendants allege that several discovery requests were received on December 16, 2025 and that the outstanding requests for admissions to Defendants Wenerowicz and Klemm were incomplete. (Doc. 80, p. 2.) Defendants' counsel sent Plaintiff a letter on January 13, 2026 identifying the two requests for admission as incomplete. (Doc. 80-1.) Defendants' counsel sent a second letter on January 22, 2026 explaining that the requests were missing pages and counsel had not yet received the complete requests. (Doc. 80-2.)

Defendants' counsel states that on February 4, 2026 she received the complete requests for admissions directed to Defendants Wenerowicz and Klemm. (Doc. 80.) On March 6, 2026, counsel provided responses to the completed requests for admissions. (Docs. 80-3, 80-4, 80-5.) The responses were provided 30 days after they were received.

Here, once Defendants were properly served the complete requests for admissions, they responded within thirty days. Therefore, the court will deny

Plaintiff's motion to deem the requests for admissions as admitted under Fed. R. Civ. P. 36(a)(3).

**B. Plaintiff's Second Motion to Compel Will Be Denied.**

In his second pending motion to compel, Plaintiff requests the court compel responses to the interrogatories he sent to Defendants Harry and Wenerowicz. (Doc. 83.) Plaintiff alleges that he sent the interrogatories on February 18, 2026, and Defendants failed to timely respond. (*Id.*) Plaintiff seeks sanctions against Defendants and an order compelling their response without objections. (*Id.*)

Defendants' counsel has responded with a statement that she never received either of the requests for interrogatories. (Doc. 85.) Defendants' counsel also states that she did not receive any follow-up communication from Plaintiff and requests an additional thirty (30) days to respond to the two additional discovery requests. (*Id.*)

With Plaintiff's reply brief, he included a March 23, 2026 letter from Plaintiff to Defendants' counsel which states the following:

> I acknowledge receipt of your letter dated March 6, 2026, which included responses to my requested admission and interrogatories ONLY in regard to Defendant Klemm. Interrogatory responses for Defendants Harry and Wenerowicz were <u>not</u> included. Recall, I had mailed those requested interrogatories to you on February 18, 2026 (over 30 days ago).

(Doc. 86-2.) While Plaintiff may have followed up with Defendants concerning the outstanding interrogatories in his March 23, 2026 letter, the court is not

convinced that Defendants actually received the discovery requests at issue. Defendants cannot respond to requests they have not received. Therefore, the court will deny Plaintiff's motion to compel, and grant Defendants' thirty days to respond to the outstanding interrogatories.

## CONCLUSION

For the above-stated reasons, the court will grant Plaintiff's motion for leave to file reply briefing concerning his second motion to compel and will deny both motions to compel. The court will grant Defendants thirty days to respond to the two outstanding interrogatories and reset deadlines for dispositive orders.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: September 24, 2026